The Law Office of Ryan Lozar, P.C.
305 Broadway, 9th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



APRIL 8, 2016

The Honorable William H. Pauley III
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   Vasquez, et al. v. City of N.Y., et al., No. 16 Civ. 2163 (WHP) (S.D.N.Y.)

Dear Judge Pauley:

I represent Plaintiffs in the above-captioned case which alleges violations of their FLSA, NYLL and related rights.  I write to provide the Court with a status report explaining my Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(i) notice of partial voluntary dismissal of claims against one of the Individual Defendants—Defendant Andrew Zeitlin.  I do not know if a status report is necessary, but I submit one in the event that the Court would like to hear more information about the aforementioned notice.  I will explain in greater detail, infra, but the brief version is that Mr. Zeitlin is an attorney who has at times represented certain Defendants.  I misunderstood this fact when drafting and filing claims in the Original Complaint against Mr. Zeitlin and would like to promptly correct the error.

**Federal Rule Of Civil Procedure 41(a)(1)(A)(i) Permits Plaintiffs To Voluntarily Dismiss Claims As Against Mr. Zeitlin Alone While Leaving The Rest Of The Litigation Intact As Against All Other Corporate And Individual Defendants**

FRCP 41(a)(1)(A)(i) provides that a plaintiff may "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves . . . an answer."  Fed. R. Civ. P. 41(a)(1)(i).  The effect of such notice of dismissal is without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).

Although FRCP 41(a)'s language contemplates that a plaintiff may voluntarily dismiss an "action," case law has clarified that FRCP 41(a) also authorizes a plaintiff to voluntarily dismiss select claims and leave the rest of the action intact.  See, e.g., Azkour v. Haouzi, No. 11 Civ. 5780 (RJS) (KNF), 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013).

This is precisely Plaintiffs' intent here.  Plaintiffs' FRCP 41(a)(1)(A)(i) notice of voluntary dismissal of all claims against Mr. Zeitlin is not intended to alter the Original Complaint's allegations against the remaining Defendants, i.e., Fast Labor, Inc.; Fine Products and Services, Inc.; Arthur Werner Moving & Storage, Inc.; Mordechai Bitton; Dana Bitton; and Timothy Veksler.

**None Of FRCP 41(a)'s Exceptions Apply To Limit Plaintiffs' Ability To Voluntarily Dismiss The Claims Against Mr. Zeitlin**

FRCP 41(a) voluntary dismissal is limited by FRCP 23(e), which relates to certified class actions.  Although the instant lawsuit is a proposed class action, FRCP 23(e) does not yet apply at this stage of the litigation because the Court has not yet certified a class.  See Fed. R. Civ. P. 23(e) (requiring the Court's approval for the voluntary dismissal of the claims "of a certified class").

FRCP 41(a) is also limited by FRCP 23.1(c), FRCP 23.2 and FRCP 66.  None of those limitations apply here, either, where Plaintiffs are individual workers seeking unpaid wages pursuant to the FLSA, NYLL and related law.  In contrast, FRCP 23.1(c) applies when one or more shareholders of a corporation bring a derivative action to enforce the right of a corporation; FRCP 23.2 applies when members of an unincorporated association bring an action as a class by naming certain members as representative parties (and the procedure for voluntary dismissal adopts the above-discussed FRCP 23(e)); and FRCP 66 applies in an action in which the appointment of a receiver is sought or a receiver sues or is sued.  See Fed. R. Civ. P. 23.1(c); Fed. R. Civ. P. 23.2; Fed. R. Civ. P. 66.

**The Reason For The Notice Of Voluntarily Dismissal**

Plaintiffs seek to voluntarily dismiss the claims against Mr. Zeitlin because as I collected information and drafted the Original Complaint, I misinterpreted certain facts to mean that Mr. Zeitlin was a business person and Plaintiffs' employer.  In fact, it has since come to my attention that Mr. Zeitlin has at times represented certain Defendants and is apparently not involved in Corporate Defendants' day-to-day business operations.  As I regret the error, I would like to voluntarily dismiss the FLSA, NYLL and related claims against Mr. Zeitlin in order to spare him the energy and expense of responding to the Original Complaint.

In light of the foregoing, I respectfully request that the Court accept Plaintiffs' FRCP 41(a)(1)(A)(i) notice of voluntary dismissal filed earlier today.

    Thank you,
    /s
    Ryan Lozar

To:    The Honorable William H. Pauley III (via ECF with courtesy copy via U.S. Post)
        Andrew Zeitlin, Esq. (via email and U.S. Post)