SOUTHERN DISTRICT OF NEW YORK

Vasquez, et al., on behalf of themselves and :
others similarly situated                   :
                                            :
            Plaintiff(s),                   :
                                            :
       v.                                   :      **JOINT DISCOVERY PLAN**
                                            :      15 Civ. 2163 (WHP)
Fast Labor Inc., et al.,                    :
                                            :
            Defendant(s).                   :

On June 10, 2016, the Plaintiffs, through counsel held a Rule 26(f) conference with counsel for Defendants Arthur Werner Moving & Storage, Mordechai Bitton and Dana Bitton (the "Appearing Defendants"). The remaining Defendants have not yet appeared in this matter. The parties propose the following joint discovery plan, subject to further discussion and refinement with the court at the upcoming conference on June 17, 2016.

1. *Set forth a general factual description of the case. Include the causes of action and affirmative defenses asserted.*

Plaintiffs' putative collective and class action alleges that Defendants violated their rights under the FLSA and the NYLL by, inter alia, failing to pay overtime compensation and making unlawful deductions.

The Appearing Defendants argue that the employees are not entitled to overtime because of the recognized motor-carrier exemption in which movers and drivers involved in interstate deliveries are exempt. Moreover, the Appearing Defendants argue that they are not Plaintiffs' employers for the purposes of FLSA/NYLL liability. In addition, the Appearing Defendants challenge the bases for collective and class actions on several grounds including numerosity and typicality; the Plaintiffs currently make up over half of the proposed class.

2. *Settlement.* No settlement discussions have taken place in this action at this writing. The parties are amenable to an early settlement conference with a referral to the appropriate Magistrate Judge.

3. *Initial Disclosures.* The Parties propose to exchange Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) by June 24, 2016, which would mirror the date already established under Rule 26(a)(1).

4. *Describe any discovery conducted other than the above disclosures.* No discovery has been conducted yet by the Parties.

5.   *Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.*

At this writing, Plaintiffs intend to make a motion for conditional certification of the action under the FLSA and, later, after discovery, an FRCP 23 motion. However, the parties are also discussing an allowance for joinder that might avoid an early conditional certification motion and plan to discuss this issue further in advance of and at the status conference with the court.

The Appearing Defendants anticipate that a Motion for Partial Summary Judgment may be requested, particularly on the issue of the above-mentioned motor-carrier exemption and anticipate discussing this further at the status conference.

6.   *The Parties' positions regarding interrogatories, depositions, experts and other discovery and pretrial matters.*

Plaintiffs do not anticipate requesting more than the 25 interrogatories contemplated by the FRCP. Plaintiffs expect to take three to five depositions, three of which will be depositions of Individual Defendants. Plaintiffs do not expect to need expert discovery. Plaintiffs do not seek discovery in phases. Plaintiffs request a 7/29/2016 deadline to file an Amended Pleading without leave of the court.

The Appearing Defendants may request more than 25 interrogatories in light of the number of plaintiffs and the issues raised. The Appearing Defendants anticipate taking 15-20 depositions, which includes all of the plaintiffs. The Appearing Defendants anticipate the need for discovery, on issues of liability and damages; however, the extent is still to be determined based on the evidence discovered and the theories raised by the Plaintiffs. Defendants do not request discovery in phases. Defendants will request a date certain (July 29, 2016) for Plaintiffs to join any additional parties.

The Parties jointly propose a March 31, 2017 close of fact discovery, and does not take into account any expert discovery that may be needed.

The Parties request that a briefing schedule on any motions for conditional or class certification be determined at a future status conference depending on the course of discovery and any early settlement discussions.

_____  RYAN LOZAR
Attorney for Plaintiff(s)

_____  DANIEL A. SCHWARTZ
Attorney(s) for Defendant(s)